IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAULA TRIGG,

       Plaintiff,

vs.                                          Case No.: 4:17-cv-315-RH-CAS

CONTINENTAL FINANCE COMPANY, LLC,

       Defendant.
_____
/

# FIRST AMENDED COMPLAINT

PAULA TRIGG (hereafter the "Plaintiff"), by and through undersigned counsel, hereby sues defendant, CONTINENTAL FINANCE COMPANY, LLC (hereafter the "Defendant"), and states as follows:

## NATURE OF ACTION

1.    This is an action for injunctive relief and damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees brought by Plaintiff, PAULA TRIGG, an individual consumer, for violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA") and the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") by CONTINENTAL FINANCE COMPANY, LLC.

## JURISDICTION AND VENUE

2.Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and 47 U.S.C. § 227(b)(3). *See Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740, 753 (2012) (federal district courts have federal question jurisdiction over TCPA claims).

## THE PARTIES

3.Plaintiff, PAULA TRIGG, is a natural person who was residing in Tallahassee, Florida when a substantial part of the events or omissions giving rise to the claims herein arose.

4.Defendant, CONTINENTAL FINANCE COMPANY, LLC, is a corporate entity with its principal place of business at 121 Continental Drive, Suite 108, Newark, DE 19713.

5.Plaintiff had an alleged debt to Defendant arising out of personal, family, or household purposes.

6.Plaintiff, facing numerous financial difficulties, hired Stevenson Klotz, LLP to represent her with regard to all debts and claims that her creditors may have against her, and to seek relief from the overwhelming volume of debt collection calls and letters that Plaintiff was receiving.

## FACTUAL ALLEGATIONS

7. Beginning in November 2015, Plaintiff began to receive multiple telephone calls from Defendant to Plaintiff's cellular phone, (321) 458-1142, in an attempt to collect an alleged debt.

8. Plaintiff was the regular user and carrier of the cellular telephone (321) 458-1142 and was the called party and recipient of Defendant's described calls.

9. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

10. Plaintiff is a "consumer" as defined in Florida Statute Section 559.55(8).

11. Defendant is a corporate entity responsible for attempting to collect a debt from Plaintiff and is transacting business in the State of Florida.

12. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(1).

13. Defendant called Plaintiff using the numbers (800) 394-0368 and (866) 449-4530.

14. Upon speaking with one of Defendant's representatives, Plaintiff

informed Defendant to "stop calling."

15. Despite her request for the calls to stop, Defendant continued to call Plaintiff's cellular phone.

16. Defendant called Plaintiff a minimum of 127 times between November 18, 2015 and July 21, 2016.

17. Exhibit "A" displays the times and dates of at least some of the telephone calls made by Defendant to Plaintiff's cellular telephone between November 18, 2015 and July 21, 2016.

18. Defendant attempted to collect a debt from Plaintiff by this campaign of telephone calls.

19. The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

20. The telephone calls made to Plaintiff's cellular telephone were made using an automatic telephone dialing system.

21. The telephone calls made by Defendant were made using artificial or prerecorded voice.

22. The telephone calls made were not made for emergency purposes.

23. Defendant did not have Plaintiff's consent to call her cellular telephone using automatic dialing equipment.

24. The phone numbers (800) 394-0368 and (866) 449-4530 are numbers that did or do belong to Defendant or its agents.

25. All conditions precedent to bringing this action have been performed or have been waived.

## COUNT I- VIOLATIONS OF THE TCPA

26. Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint.

27. Defendant willfully and knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used a pre-recorded or artificial voice to Plaintiff's cellular telephone without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages; and

    b. Such other or further relief as the Court deems equitable, just, or proper.

## COUNT II- VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACICES ACT

28. Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint.

29. By continuing to contact Plaintiff despite having actual knowledge that Plaintiff did not consent to be called, by using automatic telephone dialing equipment to call Plaintiff's cellular telephone and leaving artificial or pre-recorded voicemails in her cellular telephone's voicemail box, by calling her at least 127 times, and by communicating with Plaintiff in a manner reasonably expected to harass Plaintiff, Defendant harassed Plaintiff in violation of Fla. Stat. § 559.72 (7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Actual and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems equitable, just, or proper.

## COUNT III- INJUNCTIVE RELIEF

30. Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint.

31. Plaintiff seeks a permanent injunction prohibiting Defendant from continuing its violations of the FCCPA;

WHEREFORE, Plaintiff requests that the Court enter judgment:

a) Declaring that Defendant's practices violated the FCCPA;

b) Permanently enjoining the Defendant from engaging in the violative practices; and

c) Such other and further relief as the Court deems equitable, just, or proper.

Plaintiff demands a jury trial.

DATED on July 13, 2017.

/s/ Eric D. Stevenson
Eric D. Stevenson
Stevenson Klotz, LLP
Florida Bar No. 144495
212 W. Intendencia Street, #A
Pensacola, FL 32502
(850) 444-0000
(866) 251-7888 – Facsimile
eric@stevensonklotz.com
serviceeds@stevensonklotz.com
Attorney for Plaintiff